UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TIMOTHY BARNHART, | Case No.: 3:11-CV-1123-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | |
| Defendant. | |

Judge ACOSTA, Magistrate Judge:

*Introduction*

Before the court is Timothy Barnhart's ("Barnhart") unopposed Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C. § 406(b), which permits a court to award attorney fees to the attorney of a successful Social Security claimant, so long as the award is "a reasonable fee for such representation" and "not in excess of twenty-five percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C. § 406(b)(1)(A). Although Barnhart is the claimant

in this case, the real party in interest to this motion is his attorney Tim Wilborn ("Wilborn"). The Commissioner of Social Security ("Commissioner") does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes a reasonable fee award in this case is $6,942.79 – a $10,975.38 § 406(b) fee award less the $4,032.59 Equal Access to Justice Act ("EAJA") fee Wilborn already received.

*Procedural Background*

Barnhart filed applications for Supplemental Security Income and Disability Insurance Benefits on June 18, 2008. Both applications were denied initially and upon reconsideration. Barnhart then filed a request for, and received, a hearing before Administrative Law Judge Mary Ann Lunderman (the "ALJ"), who issued a decision on November 24, 2009, finding Barnhart not disabled. The Appeals Council later denied Barnhart's timely request for review, making the ALJ's opinion the Commissioner's final decision. In this court, Barnhart filed a complaint for review of the Commissioner's final decision.

In his complaint, Barnhart alleged the ALJ's decision was not supported by substantial evidence and the ALJ failed to apply the appropriate standard of law as grounds for remanding his case for further proceedings. The Commissioner initially opposed Barnhart's allegations in its answer and asked this court to dismiss the complaint, stating "[t]he findings of fact of the Commissioner [were] supported by substantial evidence and [were] conclusive." On August 28, 2012, the Commissioner filed a Stipulation For Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). In accordance with the parties' stipulation, this court issued an Opinion and Order reversing and remanding Barnhart's case for further proceedings. The court ordered that on remand the ALJ:

1) update the record and receive any additional evidence Barnhart submitted; 2) reconsider Barnhart's earnings in light of new evidence Barnhart had submitted to the Appeals Council; and 3) if appropriate, evaluate the remaining steps of the sequential evaluation.

On November 28, 2012, the parties stipulated to an award of attorney fees pursuant to the EAJA, 28 U.S.C. § 2412(d), in the amount of $4,032.59, and $350.00 in costs pursuant to 28 U.S.C. § 1920. On May 20, 2014, Wilborn filed the present motion for attorney fees pursuant to 42 U.S.C. § 406(b). The Commissioner filed its response on June 17, 2014. In its response, the Commissioner does not oppose Wilborn's motion for fees and leaves the determination of the amount of the fees to the discretion of the court.

## Discussion

After entering a judgment in favor of a Social Security claimant represented by counsel, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of twenty-five percent of the total of the past-due benefits to which the clamant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.' " *Dunnigan v. Astrue,* No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009), *adopted by* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). A section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. This determination requires evidence of the retroactive benefits to be paid to the claimant. Wilborn has included a document from the Social Security Administration entitled "Notice of Award," which details the retroactive benefits due Barnhart and states that it has withheld $21,106.50, which amounts to twenty-five percent of past-due benefits available to pay a lawyer. (Pl.'s Motion for Approval of Atty.'s Fees Pursuant to 42 U.S.C. § 496(b) ("Pl.'s Motion"), Ex. 1 at 3.)

Barnhart and Wilborn executed a contingent-fee agreement, providing that if it became necessary to appeal Barnhart's case to federal court and Wilborn obtained payment, Barnhart would pay Wilborn either twenty-five percent of Barnhart's past-due benefits or whatever amount Wilborn was able to obtain under the EAJA, whichever was greater. In the motion for attorney fees, Wilborn requests the court award the $21,106.50. In addition, Wilborn received a $4,032.59 attorney fee award under the EAJA, which will offset part of the $21,106.50 award if the court rules in his favor. Thus, at issue is a total award of $17,073.91, and the requested award is within the statutory limit.

II. Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The court must ensure a disabled

claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit as derived from the Court's analysis in *Gisbrecht*:

1. the character of the representation, specifically, whether the representation was substandard;
2. the results the representative achieved;
3. any delay attributable to the attorney seeking the fee; and
4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted). In *Crawford*, the Ninth Circuit also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a section 406(b) award. However, the court reiterated it is not the risk of taking contingency cases generally, but a more narrow inquiry, stating that "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Crawford*, 586 F.3d at 1153. The court has an affirmative duty to assess the fees for reasonableness and must avoid the pitfall of "[r]outine approval of the statutory maximum allowable fee [which] should be avoided in all cases." *Id.*; *see also Dunnigan*, 2009 WL 6067058, at *12 (citing *Lewis*, 707 F.2d at 250).

A. *The Character of Representation*

Substandard performance by a legal representative may warrant a reduction in a section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case provides no basis for a reduction in the requested section 406(b) fee based solely on the character of Wilborn's

OPINION AND ORDER    5    {BJT}

representation.

### B. Results Achieved

The court ordered a remand for additional administrative proceedings as Wilborn had advocated for, at least in part. "The circumstances of the case in which the result is achieved, however, are important to the court's assessment of this factor. The inquiry focuses on whether [Wilborn's] efforts made a 'meaningful and material contribution towards the result achieved[.]' " *Dunnigan*, 2009 WL 6067058, at *11 (quoting *Lind v. Astrue*, No. SACV 03-01499 AN, 2009 WL 499070, at *4 (C.D. Cal. 2009)). The Commissioner initially opposed remand in its answer, but later stipulated to the same. This willingness to stipulate meant "[the] attorney faced a less daunting challenge here than he would have if the Commissioner had vigorously defended the ALJ's [and the Appeals Council's] decision[s] or argued to uphold [those] decision[s] because the errors could not be reversed under the controlling standard of review." *Dunnigan*, 2009 WL 6067058, at *11; *see also Baugh v. Astrue*, 03:08-01237-HU, 2011 WL 4738196, *5 (D. Or. Sept. 12, 2011), *adopted by*, 2011 WL 4738272 (D. Or. Oct. 5, 2011).

That Wilborn achieved a successful result for Barnhart supports his fee request, but does not require a fee award of the maximum twenty-five percent. The Commissioner's recognition of its error and stipulation to reversal and remand allowed a favorable result in a more simple and straightforward manner than might have otherwise occurred. Additional facts by which Wilborn's efforts can be objectively measured include that Barnhart's administrative record comprises 614 pages, Wilborn filed a single opening brief, which was ten pages in length, and Wilborn and Stephens worked a total of 22 hours on this case. These circumstances inform the court's determination that, although the successful result in this case supports a fee award, a reduction from

the maximum twenty-five percent fee is appropriate.

### C. Undue Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. Plaintiff's opening brief was originally due in this case on March 26, 2012. Due to a busy calendar, Wilborn moved for one extension of that deadline, which the court granted. Wilborn filed Barnhart's opening brief on May 25, 2012. The extension effectively delayed Barnhart's case for two months (60 days) and increased his past-due benefits by roughly $2,136.00.[1] Wilborn also did not oppose either of two motions by the Commissioner for extensions of time to reply to Barnhart's initial brief. These extensions granted the Commissioner an additional six weeks to reply, but each of these motions were made, in part, to explore settlement options.

No evidence suggests Wilborn intentionally prolonged the case to enhance his fee award in securing his deadline extension. Further, Wilborn's decision to not oppose the Commissioner's requests for extensions had a *de minimis* effect (delaying the case a total of an additional six weeks) and furthered the possibility of a favorable settlement. Therefore, a fee reduction is not warranted because of undue delay.

### D. Proportionality

A district court may reduce a section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel

---

[1] Barnhart's "Notice of Award" explains that, after deductions and rounding, he "will receive $1,068.00 on or about the third Wednesday of each month." (Pl.'s Motion, Ex. 1 at 1.)

spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. "[F]ull fee awards should be the exception, [and] an average expenditure of time should not as a matter of routine translate to an award of the statutory maximum contingent fee, but instead suggests a more moderate attorney fee as the appropriate consideration." *Dunnigan*, 2009 WL 6067058, at *13; *accord Baugh*, 2011 WL 4738196, at *7.

Wilborn requests the maximum allowable fee, $21,106.50, for a total of twenty-two hours of work associated with litigating this case before the district court. Eight-and-a-half hours of the twenty-two total were completed by Wilborn's associate, Betsy Stephens. A review of the record reveals that this case was relatively simple and the Commissioner's error was clear, as evidenced by the stipulated reversal and remand. The ALJ initially found Barnhart not disabled after finding he had engaged in substantial gainful activity during the alleged period of disability, and one or both of the ALJ and the Appeals Council improperly refused to consider evidence to the contrary. The Commissioner eventually conceded it had committed reversible error and remand was appropriate, stipulating to the reversal and remand.

Judge Mosman observed in *Harden v. Commissioner*, 497 F. Supp. 2d 1214, 1215-1216 (D. Or. 2007), that "[t]here is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." Wilborn's and Stephens's twenty-two hour total time spent on this case falls within that range, evidencing both that the hour total is reasonable and that this case did not "present particular difficulty."

The fee Wilborn requests amounts to a rate of $959.80 per hour. Wilborn argues the fee is reasonable taking into account the average and median hourly rate for members of the Oregon State

Bar Litigation Section as of 2008 (approximately $250-274 per hour)[2], his own non-contingent hourly rate of $375 per hour, and a multiplier for the risk involved in Barnhart's case. For the reasons discussed below, the court does not accept Wilborn's risk argument as sufficient to render the requested fee reasonable. Thus, the benefits are not in proportion to the amount of time Wilborn spent on the case and a downward adjustment is in order.

*E. Risk*

Wilborn argues the requested fee is reasonable given the "risk of loss and delay" specific to Barnhart's case (Pl.'s Motion at 3.), but he points to few case-specific facts to support that argument and relies instead on statistics relating to the risk of loss and delay in Social Security cases, generally. Wilborn calculates that only a 26.4-percent chance exists of winning benefits for a claimant in Social Security cases based on data from the SSA web site showing that ALJs allow a certain percentage of cases. Wilborn then divides 100-percent by 26.4-percent and finds a "contingency multiplier of 3.79" based on the risk in this type of case. Multiplying his average non-contingent hourly rate of $375 per hour by a "contingency multiplier of 3.79" yields an hourly rate of $1,421.25. Because his request equates to only $959.80 per hour, Wilborn argues an award of $21,106.50 is reasonable.

*Gisbrecht* makes clear that the general risk attendant to taking cases on a contingent fee basis is not to be considered in assessing risk, only those risks specific to the particular case are to be weighed. When assessing whether or not the benefits obtained were "in proportion to the time spent on the case", it is proper for a district court to examine the requesting attorney's record of hours

---

[2] Wilborn uses the incorrect source to support his reasonable hourly rate argument. The court uses the current edition of the Oregon State Bar Economic Survey. *See Message from the Court Regarding Fee Petitions* (2013), http://ord-pdx-web/index.php/court-policies-517/fee-petitions. The bar published the current edition in 2012. *See Oregon State Bar 2012 Economic Survey* (2012), https://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf.

OPINION AND ORDER    9                                    {BJT}

spent and the attorney's statement of normal hourly rate, and then "consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee." *Dunnigan*, 2009 WL 6067058, at *8 (citing *Crawford*, 586 F.3d at 1151). However, the case-specific facts control over Wilborn's lodestar-centric arguments, and the few case-specific facts he offers do not carry his burden "to show that the fee is reasonable based on the facts of the particular case." *Crawford*, 586 F.3d at 1153; *see also Oerding v. Comm'r of Soc. Sec. ("Oerding I")*, CV-08-633-PK, 2010 WL 4116604 (D. Or. Sept. 3, 2010), *adopted in part by sub nom. Oerding v. Astrue ("Oerding II")*, 2010 WL 4116570 (D. Or. Oct. 18, 2010), *aff'g sub nom. Oerding v. Comm'r of Soc. Sec. Admin. ("Oerding III")*, 467 F. App'x 643 (9th Cir. 2012) (Mem.) ("[c]onsidered in isolation, the product of the lodestar calculation can at best be of extremely limited utility in assessing the reasonableness of a contingency fee.") The full extent of Wilborn's endeavor to argue specific facts is as follows:

> In the opinion of the undersigned, this case was at least an average risk case, if not more risky than average. It involved an ALJ finding that the claimant had engaged in substantial gainful activity during the alleged period of disability, and the claimant's disability was based on difficult-to-prove 'excess pain' complaints.

(Pl.'s Motion at 3.)

Beyond the facts Wilborn identifies, other facts are relevant in considering the risk involved and the reasonableness of the fee sought. The administrative record comprises 614 pages. Wilborn filed an opening brief only ten pages in length, and Wilborn and Stephens logged a total of 22 hours working on this case. The Commissioner erred plainly enough to cause it to concede and stipulate to reversal and remand, and no appeal was filed which would have required further work on Wilborn's part. Considering these case-specific facts pertaining to difficulty and risk, the instant case is highly similar to both the *Baugh* and *Oerding* cases.

In *Oerding*, Wilborn achieved a result of $45,891 in past-due benefits. *Oerding I*, 2010 WL

OPINION AND ORDER     10                                              {BJT}

4116604, at *4. Under § 406(b), he subsequently requested $11,472.75 in fees (twenty-five percent of the past-due benefits). *Id.* As the parties did in the instant case, the parties in *Oerding* stipulated to a remand before the ALJ. *Oerding II*, 2010 WL 4116570, at *3. As a result, Wilborn filed only an opening brief, which was twenty pages long. Here, his sole filing was also an opening brief of half that length. The *Oerding* administrative record was 603 pages long, 11 pages shorter than Barnhart's administrative record. Wilborn worked 27.65 hours on the *Oerding* case, compared to 22 hours on Barnhart's behalf. This court awarded Wilborn $5,965.83 in § 406(b) fees (thirteen percent of past-due benefits). *Oerding II*, 2010 WL 4116570, at *4.

In *Baugh*, Wilborn achieved a result of $68,750.52 in past-due benefits. *Baugh*, 2011 WL 4738196, at *4. Under § 406(b), Wilborn then requested $17,187.63 in fees (twenty-five percent of the past-due benefits). *Id.* As they did in the instant case, the parties in *Baugh* stipulated to a remand before the ALJ. *Id.* Wilborn, then, had only to file an opening brief, which was twenty pages long. Again, on Barnhart's behalf, Wilborn's sole filing was also an opening brief, but half as many pages in length. The *Baugh* administrative record was 721 pages long, significantly longer than Barnhart's administrative record. On the *Baugh* case, Wilborn spent 29.30 hours compared to 22 hours on Barnhart's case. This court awarded Wilborn $8,593.81 in § 406(b) fees (fifty percent of fees requested). *Id.*, at *11.

Although the fee awards in *Baugh* and *Oerding* are described differently, one in terms of percentage of past-due benefits and one in terms of percentage of amount of fees requested, the court notes that the two results are substantially the same in that they are approximately fifty percent of the amount Wilborn requested. Those cases provide fair comparisons for determining the fee award here.

For these reasons, the court awards a § 406(b) fee of $10,975.38, thirteen percent of the overall past-due benefits awarded. *See Oerding III*, 467 F. App'x at 644 ("The district court did not abuse its discretion by reducing the fees from the amount specified in the fee agreement based on the court's assessment of what was reasonable given the risk and complexity involved in this case."); *see also Baugh*, 2011 WL 4738196, at *4 ("This [fifty percent reduction] accounts for reduction under the factors discussed above and counsel's failure to support his fee request consistent with *Crawford*'s directives.") This $10,975.38 award, however, must be reduced by Wilborn's $4,032.59 EAJA fee, yielding a net fee of $6,942.79.

## Conclusion

For the aforementioned reasons, Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. No. 26) is GRANTED in part and DENIED in part and a § 406(b) fee of $6,942.79 shall be awarded to Mr. Wilborn.

IT IS SO ORDERED.

Dated this 4th day of August, 2014.

JOHN V. ACOSTA
United States Magistrate Judge